IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL McNAIR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-2894 |
| DEPUTY WARDEN NASH, | * | |
| Defendant. | * | |

***
**MEMORANDUM OPINION**

Plaintiff Michael McNair, who is detained at the Montgomery County Correctional Facility ("MCCF"), filed the above-captioned civil rights action together with a motion for leave to proceed *in forma pauperis*. ECF Nos. 1, 2.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).  For the reasons discussed below, Mr. McNair's complaint fails to state a claim and will be dismissed.

The court received the complaint for filing on October 23, 2023. ECF No. 1.  Mr. McNair alleges that Defendant Deputy Warden Nash prevented him from fully exhausting the grievance process related to an incident that took place on November 4, 2022.  *Id.*  Mr. McNair states that on that date, he was moved from one cell to another cell due to flooding in his cell and that proper procedures were not followed when he was moved.  *Id.* at 4.  He also alleges that once he was moved to a different cell, he remained in handcuffs "between 20 minutes to an hour" before the

handcuffs were removed. *Id.* In his grievance, he complained that procedures were not followed because he was cuffed in the front, instead of in the back. *Id.* In addition, Mr. McNair also complains of how Deputy Warden Nash handled grievances that he filed on January 5, 2023, January 6, 2023, and February 7, 2023. *Id.* at 5. He seeks damages for Deputy Warden Nash's actions. *Id.*

Mr. McNair's case is related to a previously filed case pending in this court. *See McNair v. Bace*, DKC-23-0365. In the prior action, Mr. McNair similarly alleges that on November 4, 2022, Defendant Officer Bace moved him to another cell due to flooding and in doing so, failed to follow proper procedures and unnecessarily left him in handcuffs between 20 minutes to one hour. ECF No. 7. In response to the amended complaint in the earlier action, Defendant Officer Bace filed a motion to dismiss asserting several arguments, including that Mr. McNair failed to exhaust administrative remedies. ECF No. 18. Mr. McNair was provided with an opportunity to file a response to Officer Bace's motion. ECF No. 19. The court received Mr. McNair's response and it was docketed on November 6, 2023. ECF Nos. 25, 26. Mr. McNair's response addresses the exhaustion defense raised by Officer Bace. ECF No. 25 at 5-6.

Mr. McNair filed the instant action after the motion to dismiss was filed in the prior action. The court construes Mr. McNair's complaint as an attempt to assert a separate claim that Deputy Warden Nash violated his due process rights under the Fourteenth Amendment pertaining to his filing of grievances. In the first instance, he has not stated a claim because "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) citing *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). Further, to the extent that Mr. McNair asserts that Deputy Warden Nash violated state laws, regulations or prison policies relating to the grievance process, such violations also do not provide

a basis for a due process violation. *See Adams*, 40 F.3d at 75 (citations omitted) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *see also Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue"). To the extent that Mr. McNair has concerns with the handling of his grievance pertaining to the November 4, 2022, incident, these concerns were proper to assert in his response to Defendant Bace's motion to dismiss the prior action for failing to exhaust. These concerns do not state an independent cause of action for a violation of Mr. McNair's federal constitutional due process rights.

In the second instance, it is possible that Mr. McNair intended to assert a due process access to courts claim because interference with the grievance process may have led to failure to exhaust administrative remedies with regard to the other pending civil rights case. In order to state such a claim, a prisoner must allege that the authorities deprived him of a "reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1966). He must also allege an actual injury. Although prisoners have a constitutionally protected right of access to the courts, "[u]ltimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356.

In this instance, Mr. McNair cannot allege that he has suffered actual injury resulting from alleged interference with the grievance process because the exhaustion defense raised in the prior action has not yet been determined, and the case remains pending. In the prior action, Defendant

3

plead failure to exhaust as an affirmative defense, and Mr. McNair was provided an opportunity to respond and present information demonstrating that the grievance remedy was not available to him, and therefore exhaustion was not required. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (an inmate need only "exhaust available remedies, but need not exhaust unavailable ones" (quoting § 1997e(a)).) At this time, McNair's access to court claim will be dismissed for failure to state a claim, without prejudice.

By separate Order that follows, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

<u>December 19, 2023</u>                          <u>            /s/            </u>
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge